IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. |
| Plaintiff, ) | |
| ) | **UNITED STATES' COMPLAINT TO** |
| v. ) | **REDUCE FEDERAL INCOME TAX** |
| ) | **ASSESSMENTS TO JUDGMENT** |
| ESTATE OF DENNIS J. JOHNSON; and ) | |
| JODY ANN FITTS, Personal Representative ) | |
| of the Estate of Dennis J. Johnson, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The United States of America complains and alleges as follows:

NATURE OF ACTION

1. This is a civil action brought by the United States to obtain a judgment for certain federal income taxes and civil penalties incurred by Dennis James Johnson, now deceased, who was an accountant and tax return preparer doing business in Edmonds, Washington.

2. After Mr. Johnson died, on August 21, 2017, his estate (the "Estate") became responsible for those tax liabilities.

UNITED STATES' COMPLAINT TO RECOVER FEDERAL TAXES   1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6448

3. The Internal Revenue Service filed timely claims in the Estate's probate case, but the personal representative, Jody Ann Fitts, who is one of Mr. Johnson's daughters (the "Personal Representative"), rejected them.

4. This action is necessary because of Washington Revised Code Section 11.40.100, which provides that a creditor whose claim is rejected by a personal representative must file suit within 30 days.

## JURISDICTION AND VENUE

5. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service, a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

6. This Court has jurisdiction under 26 U.S.C. § 7402 and 28 U.S.C. §§ 1340 and 1345.

7. Venue is proper under 28 U.S.C. §§ 1391(b) because the Estate is pending in this district and a substantial part of the events or omissions giving rise to the claim occurred in this district, and under 28 U.S.C. § 1396 because the tax liabilities accrued in this district.

## DEFENDANTS

8. The Estate is pending in the Superior Court for the State of Washington for Snohomish County, Probate No. 17-4-01555-31, in Everett, Washington. The Personal Representative, Jody Ann Fitts, resides at 20424 60th Avenue NE, Kenmore, Washington 98368.

## FEDERAL TAX LIABILITIES

9. Before Mr. Johnson died, the IRS assessed him with income tax for tax year 2010 and civil tax return preparer penalties under 26 U.S.C. § 6694 for tax years 2006-09 and 2011-12. He failed to pay those liabilities despite statutory notice and demand. Statutory liens against all of

UNITED STATES' COMPLAINT TO RECOVER FEDERAL TAXES

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-307-6448

his property and rights to property arose under 26 U.S.C. § 6321 as of the dates of assessment. The unpaid assessed balances as of January 15, 2018 are as follows:

ASSESSED LIABILITIES

| Type of Liability | Tax Period | Amount due (not including interest) |
|---|---|---|
| Form 1040 | 2010 | $2,113.08 |
| § 6694 Penalty | 2006 | $1,659.43 |
| § 6694 Penalty | 2007 | $28,123.24 |
| § 6694 Penalty | 2008 | $28,918.81 |
| § 6694 Penalty | 2009 | $10,379.51 |
| § 6694 Penalty | 2011 | $2,502.30 |
| § 6694 Penalty | 2012 | $2,502.30 |
| TOTAL | | $76,198.67 |

10. The Estate is liable for the amounts set forth above, plus statutory interest accruing until paid. Statutory liens that attached to Mr. Johnson's property and rights to property remain on such property and rights to property in the Estate.

11. Following examination, the IRS issued Mr. Johnson four notices of deficiency pursuant to 26 U.S.C. § 6212 with respect to income tax years 2008-12. Through those notices, the IRS asserted that Mr. Johnson owed the following unassessed income tax deficiencies and civil penalties, not including statutory interest:

UNASSESSED LIABILITIES

| Type of Liability (Deficiency) | Tax Period | Amount due (not including interest) |
|---|---|---|
| Form 1040 | 2008 | $48,548.00 |
| § 6663 Penalty | | $36,411.00 |
| Form 1040 | 2009 | $79,124.00 |
| § 6663 Penalty | | $59,343.00 |
| Form 1040 | 2010 | $30,319.00 |
| § 6663 Penalty | | $22,739.25 |
| § 6651(a)(1) Penalty | | $4,547.85 |
| Form 1040 | 2011 | $56,455.00 |
| § 6662(a) Penalty | | $11,291.00 |
| Form 1040 | 2012 | $39,241.00 |
| § 6651(a)(1) Penalty | | $1,962.05 |

| § 6662(a) Penalty | | $7,848.00 |
|---|---|---|
| **TOTAL** | | $407,829.35 |

12. Mr. Johnson filed four petitions with the United States Tax Court to challenge the notices of deficiency. As a result, four consolidated cases are pending before that Court, *Dennis J. Johnson v. Commissioner*, Docket Nos. 29878-14, 29882-14, 16201-15, and 16238-15. Those cases are scheduled for trial on March 19, 2018, in Seattle, Washington. The Personal Representative is attempting to pursue those cases on behalf of the Estate.

13. The Estate may be liable for the amounts set forth in paragraph 11, depending on the final determination of the Tax Court in the docketed cases identified in paragraph 12.

THE PERSONAL REPRESENTATIVE'S REJECTION OF THE IRS CLAIMS

14. On November 29, 2017, the IRS filed a proof of claim (the "First IRS Claim") in the probate case for the unassessed liabilities described in paragraph 11 above.

15. On December 12, 2017, the Personal Representative rejected the First IRS Claim.

16. On December 19, 2017, the IRS filed an amended proof of claim (the "Second IRS Claim") for all of the liabilities described in paragraphs 9 and 11 above, both assessed and unassessed.

17. On December 28, 2018, the Personal Representative rejected the Second IRS Claim.

CLAIM FOR RELIEF: TO REDUCE FEDERAL TAX ASSESSMENTS TO JUDGMENT

18. Paragraphs 1-17 above are incorporated herein as though reprinted in full.

19. The assessed liabilities described in paragraph 9 above have not been paid despite statutory notice and demand.

20. The United States is entitled to a judgment against the Estate, through its Personal Representative, for those assessed and unpaid liabilities, plus statutory interest accruing through the date of payment.

21. If the Tax Court determines that the Estate owes the liabilities described in paragraph 11 above and such liabilities are assessed pursuant to 26 U.S.C. § 6215, the United States is entitled to a judgment against the Estate, through its Personal Representative, for those liabilities, plus statutory interest accruing through the date of payment.

## PRAYER FOR RELIEF

The United States requests the Court to reduce to judgment against the defendants pursuant to Rule 54(b) of the Federal Rules of Civil Procedure the taxes and penalties described above—first, as to those that are currently assessed, $76,198.67, and second, as to those that may become assessed as a result of the pending Tax Court litigation, $407,829.35, for a total of $484,028.02—plus statutory interest accruing until paid in full, and to grant such other and further relief as may be just and proper.

DATED this 11th day of January, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

/s/ W. Carl Hankla
**W. CARL HANKLA**
Trial Attorney, Tax Division
U.S. Department of Justice
Washington, D.C.  20044-0683
(202) 307-6448
w.carl.hankla@usdoj.gov
*Attorneys for United States of America*

ANNETTE L. HAYES
United States Attorney
*Of Counsel*